UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



UNITED STATES OF AMERICA,

        Plaintiff,

v.

STEVEN LINK,

        Defendant.

Case No. 14CR223

Green Bay Division

## PLEA AGREEMENT

1. The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and William Roach, Assistant United States Attorney, and the defendant, Steven Link, individually and by attorney Clarence Duchac III, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a five count indictment, which alleges violations of Title 18, United States Code, Sections 2252A(a)(2) and (5)(B).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT TWO

*(Receipt of Child Pornography)*

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about June 25, 2014, in the State and Eastern District of Wisconsin and elsewhere,

***STEVEN P. LINK***

*knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, that had been mailed, shipped and transported in and affecting interstate and foreign commerce; and which contained material which had been shipped, and transported by a means and facility of interstate and foreign commerce, including by computer.*

2. *The child pornography received by the defendant included a video identified by the following partial file name:*

| Partial File Name | Description |
|---|---|
| Fantasia Models-Frifam 2010 9yo-Suziq-Wants it in-o1.avi | A movie file depicting a minor female, approximately 8 years of age, and an adult male. The minor female touches the male's penis and the male then engages in sexual intercourse with the minor female. |

*All in violation of Title 18, United States Code, Section 2252A(a)(2).*

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

   a. *Search Warrant at Bookstore*

In June 2014, Lt. Jim Valley of the Brown County Sheriff's Department contacted Sturgeon Bay Police Detectives concerning an individual in Sturgeon Bay, State and Eastern District of Wisconsin, who had child pornography available via the eMule network. Lt. Valley forwarded to Sturgeon Bay Police Department, the child porn movie file he downloaded depicted an adult male and a female, approximately twelve-years of age having penis to vagina contact. The IP address for the eMule user resolved to Steven Link (36 years of age), 18 N. 3rd Avenue, Apt 2, Sturgeon Bay, WI. That apartment is located above a bookstore named "Untitled and Rare Used Books" that is owned and operated by Link. Investigators obtained a search warrant for both the apartment and the bookstore and executed it on September 5, 2014.

Link was present during the search of the bookstore and said he used both the eMule network and Bit Torrent to download movies but not pornography. Link also told investigators that he had been secretly recording customers who were using the public bathroom as well as a downstairs bedroom that also contained a massage table. Investigators found multiple hidden cameras in these locations. Link admitted that he recorded his sex acts with females (other than his fiancé). The recordings were located on an external drive later found at his residence.

      b. *Forensic examination of laptops and storage media devices.*

The forensic exam revealed that Link would search for and obtain, via eMule, image and movie files containing child pornography. He would offer the downloaded image or movie file for distribution to others for several days before transferring a copy of it over to his "My Book" external hard drive. Link would then remove the file from the eMule shared file folder.

More specifically, the evidence as to Link includes the following:

(a) "My Book" hard drive found in the bedroom closet of his residence. It contained hundreds if not over one thousand child porn movie/ image files. Most of the child porn files were located in the "X" and "Incoming" folders within the larger folder entitled "Xfer." Within a separate folder entitled "cam," located within "Xfer," the exam revealed movie files of young adults using the bookstore bathroom and basement bedroom to engage in sexual conduct.

(b) Acer laptop and attached external hard drive found in the media room contained eMule file sharing software installed (or reinstalled) on June 23, 2014. File sharing records revealed that approximately 236 files with names consistent with child pornography were downloaded between June 23, 2014 and September 5, 2014-the morning of the search warrant. The most recent downloads from eMule occurred on September 4, 2014 and included 8 child porn files with names including "Bianca Priv 12yo" "2010 Kaitlyn sleepover" "12yo firl fuck with man and little boy" "12yo pasha & 11yo dick" "little priscilla in the sofa" and "12yo14yo new r@ygold." The following search terms were used to obtain files on eMule: young, webcam, 11yo, 12yo, 13yo, 14yo, jailbait, hiddencam, and preteen model. eMmule file transfer records confirmed that the file received by the undercover officer on June 23, 2014 was obtained by Link and included within the shared file folder prior to its receipt **(Link Count One)**.

In total, approximately 27 gigabytes of data was uploaded via eMule and 20 GB were downloaded. Approximately 1,800 "clients" were involved in the upload and download of this data.

The following images were downloaded via eMule and then offered for distribution. All movie files were found on Link's "My Book" external drive.

*-34 (Sdpa)-Jessica-Christ-11yr-Bro Fuks 11 yo Sis-Pthc.avi-* a movie file depicting a 12-year old female, naked from the waist down, exposing her vagina and anus and then an adult male having penis to vagina contact with her. This movie file was both received and later distributed on June 23, 2014, to Detective Jim Valley, who was working in an undercover capacity **(Count One).**

*-Fantasia Models-Frifam 2010 9yo-Suziq-Wants it in-o1.avi-* a movie file containing a minor female, approximately 8 years of age, and an adult male. The minor female touches the male's penis and the male then engages in sexual intercourse with the minor female. This file was received on June 25, 2014 and offered it for distribution the following day **(Count Two).**

*-yoBoy-Man-Tara-Boil-Moscow-11yo-And-Dad-Hard-Deep- Anal-Doggstyle-4wasy-Fingers-Sucking-and –Cumshot_On-Face-Unmasked.wmv-* a movie file containing an adult male having sexual intercourse with an approximate 11-year old female. The minor female then performs oral sex on the male who then ejaculates on her face. This file was received on June 27, 2014 and offered for distribution that same day **(Count Three).**

*-2014 Pedo Film_0017 9yo Girl mit 16yo Sister.avi-*a movie file containing a pre-pubescent, approximate 9-year old female, naked from the waist down, and an adult female. The adult female touches the vaginal area of the minor female and inserts an object into the minor females' vagina. This file was obtained on June 28, 2014 and offered for distribution that same day **(Count Four).**

*- Pthc Ptsc 9yo Jenny compilation beastiality* This was found in the "my book external" File path - Xfer - Incoming. Modified 11/16/13 1:47pm. *stickam - alexis with dog -* This was found in the "my book external" File path - Xfer. Modified 10/16/2011 11:38pm *Youngvideomodels - 9Yo Daphne Invites You to Fuck Her Doggy Style Yvm Young Video Models - Daphne d4A Hardcore Masturbati-1.* File path Xfer - Incoming. Modified 11/12/13 11:47am **(Count Five).**

Link agrees that he received the aforementioned images and movie files, that he knew contained sexually explicit images of minors, via the internet. Thus, the images traveled and were produced using materials traveling in interstate commerce, including by computer.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. The count also carries a mandatory minimum 5 year term of imprisonment and at

least 5 years of supervised release, and a maximum of life supervised release. The count also carries a $100 special assessment. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## **ELEMENTS**

8. The parties understand and agree that in order to sustain the charge of receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2), as set forth in count two of the Indictment, the government must prove each of the following propositions beyond a reasonable doubt:

> **First**, that the defendant knowingly received the material identified in the indictment;
>
> **Second**, that the material identified in the indictment is child pornography;
>
> **Third**, the defendant knew that one or more of the persons depicted in the material was under the age of eighteen years; and
>
> **Fourth**, the material identified in the indictment was shipped or transported in interstate or foreign commerce.

Child pornography is defined as an visual depiction including any image or video, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8).

Sexually explicit conduct is defined as the actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, oral-anal, whether between persons of the same or opposite sex. 18 U.S.C.§ 2256(2)(A).

Sources: 7th Cir Pattern Jury Instruction; *U.S. v. Angle*, 234 F.3d 326 (7th Cir. 2000)

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any

right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count two is 22 under Sentencing Guidelines Manual § 2G2.2(a)(2).

## Specific Offense Characteristics

16. The parties acknowledge and understand that the government will recommend the sentencing court the following specific offense increases: (1) a two-level increase due to the material involving a prepubescent minor under Sentencing Guidelines Manual § 2G2.2(b)(2); (2) a two-level increase as the offense involved distribution under Sentencing Guidelines Manual § 2G2.2(b)(3); (3) a five-level increase because the offense involved 600 or more images under Sentencing Guidelines Manual §2G2.2(b)(7)(D); (4) a two-level increase because the offense involved the use of a computer under Sentencing Guidelines Manual §2G2.2(b)(6); and (5) a four-level increase because the offense involved images that could be deemed as causing pain to a minor and therefore sadistic under Sentencing Guidelines Manual §2G2.2(b)(4).

## Acceptance of Responsibility

17.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

18.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

20.     The government agrees to recommend a sentence of imprisonment not to exceed 10 years imprisonment. The parties are free to make any recommendation as to number of years

8

of supervised release, imposition of fine, and/or other terms of his sentence consistent with this agreement.

## Court's Determinations at Sentencing

21. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. The defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

24. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the

9

form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Fine

25. The government will recommend to the sentencing court that no fine be imposed against the defendant.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing, or upon further order of the court.

### Restitution

27. The parties acknowledge and understand that the government may recommend to the sentencing court that the defendant pay restitution should a request be made by a victim in this case. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### Forfeiture

28. The defendant agrees that all properties listed in the indictment were used to facilitate the offense of conviction. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which

11

the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

### Further Civil or Administrative Action

34. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict

rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

35. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

36. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

37. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

38. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

39. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### Further Action by Internal Revenue Service

40. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the indictment.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the

defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

42. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3/4/15

STEVEN P. LINK
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/04/15

CLARENCE DUCHAC, III
Attorney for Defendant

For the United States of America:

Date: 3/6/15

JAMES L. SANTELLE
United States Attorney

Date: 3/6/15

WILLIAM ROACH
Assistant United States Attorney